UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor B. Perkins,                             Civil No. 09-2931 (PAM/FLN)

      Petitioner,

      v.                                          **REPORT AND RECOMMENDATION**

United States of America,

      Respondent.

_____

Victor B. Perkins, *pro se*, for Petitioner.
Ana H. Voss for Respondent.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's Petition For a Writ of Habeas Corpus [#1] pursuant to 28 U.S.C. § 2241 as amended by Petitioner's Amended Document [#3]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that the petition be **TRANSFERRED** to the U.S. District Court for the Eastern District of North Carolina.

## I. BACKGROUND

**A. Petitioner's Habeas Petition and Subsequent Geographical Movements**

Petitioner Victor B. Perkins, a federal inmate (Federal Register No. 08783-039), filed a petition for habeas corpus in the Eastern District of North Carolina on June 1, 2009. (Doc. No. 1.) At the time he filed the habeas petition, Perkins was in the custody of the U.S. Bureau of Prisons at

its Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). (First Buege Decl. ¶ 3 (Doc. No. 16).) Perkins was incarcerated at FMC-Rochester from June 29, 2006 through October 28, 2009, having been civilly committed as a person due for release but suffering from a mental disease or defect under 18 U.S.C. § 4246.[1]  *Id.*  On October 21, 2009, the U.S. District Court for the Eastern District of North Carolina *sua sponte* transferred Perkins' habeas petition to the District of Minnesota. (Doc. No. 1.)

The day after the petition was transferred, on October 22, 2009, U.S. District Judge W. Earl Britt of the Eastern District of North Carolina ordered that Perkins be conditionally released from FMC-Rochester. (First Buege Decl. ¶ 5.) On October 28, 2009, Perkins was in fact conditionally released from FMC-Rochester. *Id.* Perkins was sent to reside at the Vertis P. Smith Manor, Inc. in Saginaw, Michigan. *Id.* While residing in Saginaw under conditional release, Perkins was under the supervision of the U.S. Probation Office for the Eastern District of Michigan. *Id.*

A few months later, on February 12, 2010, Judge Britt received a letter from Perkins' probation officer that he construed as a motion for revocation of Perkins' conditional release. (Second Buege Decl. Ex. 2 (Doc. No. 29).)  On February 24, 2010, Judge Britt issued an order finding that there was probable cause to believe Perkins had violated the conditions of his release, ordering that Perkins be taken into federal custody, and ordering that his conditional release be revoked. *Id.* The February 24, 2010 order also directed that Perkins be housed at the Federal Medical Center in Butner, North Carolina ("FMC-Butner") until further notice. *Id.*

On May 4, 2010, Perkins was officially designated to FMC-Butner. (Second Buege Decl. ¶

---

[1]Prior to his incarceration at FMC-Rochester in 2006, Perkins had been on conditional release that was revoked on May 10, 2005. (First Buege Decl. ¶ 3.)

5, Ex. C.) On May 28, 2010, the United States submitted a "Notice of Additional Information" stating that information from Perkins' probation officer (filed under seal as exhibits to the Notice of Additional Information) showed that Perkins had missed scheduled appointments with his community-based mental health provider to receive prescribed medication. (Second Buege Decl. Ex. D.) The Notice also stated that a search of Perkins' room revealed a bag of marijuana and an empty bottle of brandy. *Id.* On June 1, 2010, Judge Britt held a hearing to determine 1) whether Perkins had violated the terms of his conditional release and 2) whether his continued conditional release would create a substantial risk of bodily injury to another person or serious damage to the property of another. (Second Buege Decl. ¶ 6.)

In an order dated June 1, 2010, Judge Britt found that Perkins had violated the terms of his conditional release. (Second Buege Decl. Ex. E.) Judge Britt also found that Perkins' continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another. *Id.* Consequently, Judge Britt revoked Perkins' conditional release and ordered that Perkins be remanded to the custody of the Attorney General for placement in a suitable facility pursuant to 18 U.S.C. § 4246. *Id.* Perkins is currently incarcerated at FMC-Butner, a suitable facility under 18 U.S.C. § 4246. (Buege Decl. ¶ 6.)

### B. The Government's First Motion to Dismiss

The United States moved to dismiss the habeas petition for lack of jurisdiction, because, as noted above, Judge Britt had ordered that Petitioner be conditionally released. (Doc. No. 15.) A prior scheduling order had given Petitioner 30 days to reply to the Respondent's motion. (Doc. No. 12.) Perkins did not file a reply. Until Perkins' letter of May 14, 2010 (Doc. No. 19) the only additional document the Court received from Perkins was a change of address notice on November

19, 2010, noting his move to Michigan pursuant to Judge Britt's October Order. (Doc. Nos. 19, 25.)

Before the Court ruled on the United States' motion to dismiss for lack of jurisdiction, it came to the Court's attention that Petitioner was once again incarcerated. The Court directed the United States to file a supplemental return, "explaining the true location, nature and cause of the Petitioner's current confinement and show why the writ should not be granted." (Doc. Nos. 24, 25.)[2]

**C. The United States' Supplemental Return and Renewed Motion to Dismiss.**

On June 18, 2010, the United States filed a supplemental return as required by this Court's June 11, 2010 Order. (Doc. No. 27.) In its supplemental return, the United States argues that this Court does not have jurisdiction to hear Perkins' habeas petition because Perkins is now in custody in the Eastern District of North Carolina. *Id.*

On June 21, 2010, this Court ordered that if Perkins intended to file a reply to the United States' supplemental return, he must file such reply by July 19, 2010. (Doc. No. 31.) On June 28, 2010, Perkins filed his reply, arguing that his civil commitment is unconstitutional.[3] (Doc. No. 35.)

As the issues before the Court with respect to the current status of Perkins' petition for habeas corpus have now been fully briefed by both parties, the Court may consider whether it has jurisdiction to decide Perkins' petition. For the reasons set forth below, the Court finds that it lacks jurisdiction over the petition and orders that the petition be transferred to the U.S. District Court for

---

[2]On June 8, 2010, Petitioner filed a Petition for a Writ of Mandamus in the Court of Appeals for the Eighth Circuit. (Doc. No. 20). The Eighth Circuit denied Perkins' Petition for a Writ of Mandamus on June 17, 2010. (Doc. Nos. 33, 34.)

[3] Perkins' filing in response to the supplemental return is styled as a "Motion for Summary Judgment In Reply to Respondent's Response Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure." (Doc. No. 35.) The Court, however, will simply treat this filing as Perkins' reply to the supplemental return.

the Eastern District of North Carolina.

## II. DISCUSSION

### A. Perkins' Incarceration in the Eastern District of North Carolina Defeats This Court's Jurisdiction

It may appear to an objective observer that this Court is seeking to evade ruling on the substance of Petitioner's claim by sending it back to the District Court in North Carolina, after that Court expressly transferred it here. The law in this area, however, is well-settled. The North Carolina court's order transferring the case here, and this Court's conclusion that now only the North Carolina court has jurisdiction, are both compelled by the facts regarding the Petitioner's varying locations over the several months since he filed his Petition.

Perkins brought his habeas petition under 28 U.S.C. § 2241(c), which provides that a writ of habeas corpus shall not extend to a prisoner unless he is "in custody." [4] It is long-established law that a habeas petitioner must be "in custody" to receive habeas relief. *Jones v. Cunningham*, 371 U.S. 236, 241 (1963); *see also Copley v. Keohane*, 150 F.3d 827, 829-830 (8th Cir. 1998). Consequently, the United States Supreme Court has held that the only proper respondent in a habeas corpus petition under 28 U.S.C. § 2241 is the inmate's custodian – the warden of the facility where

---

[4] The full text of 28 U.S.C. § 2241(c) provides: The writ of habeas corpus shall not extend to a prisoner unless--
(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
(5) It is necessary to bring him into court to testify or for trial.

the inmate is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004)("We summed up the plain language of the habeas statute over 100 years ago in this way: '[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'") (emphasis in original) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Thus, although Perkins was in custody in the District of Minnesota at the time the petition was transferred to Minnesota, this Court does not maintain jurisdiction over Perkins' petition at this time because the Court does not have jurisdiction over the proper respondent – the warden at FMC-Butner.

Moreover, the Court's jurisdiction over Perkins' habeas petition ended even before Perkins was re-incarcerated at FMC-Butner. In fact, the Court's jurisdiction over the petition ended when Judge Britt of the Eastern District of North Carolina ordered that Perkins be conditionally released on October 28, 2009. In a case with facts similar to the case at bar, the Eighth Circuit held that the conditional release of a prisoner moots the prisoner's appeal of a district court's denial of a habeas petition because the prisoner is no longer in custody. *Copley*, 150 F. 3d at 829-30.

In 1997, Craig O. Copley was in custody at FMC-Springfield in Springfield, Missouri. The U.S. District Court for the Western District of Missouri dismissed Copley's habeas petition in August 1997, and Copley appealed. The Eighth Circuit held oral argument on May 12, 1998. *Id.* at 829. On May 19, 1998, however, the U.S. District Court for the Eastern District of North Carolina issued an order of conditional release directing that Copley be released to a care center in Lake Charles, Louisiana. *Id.* Copley was to be under the supervision of the U.S. Probation Office for the Western District of Louisiana. *Id.* As Copley was under the supervision of the federal

probation office in Louisiana, and as the federal court for the Eastern District of North Carolina retained jurisdiction over his civil commitment (as is the case here), the Eighth Circuit held that "Copley is not in the custody of anyone over whom we have jurisdiction, so there is no entity that we can order to effect Copley's release ..." *Id.* at 830. The Eighth Circuit thus held that Copley's appeal from the Missouri court's denial of his habeas petition was moot and dismissed the appeal.[5] *Id.*

Similar to *Copley*, when Perkins was conditionally released under the supervision of the federal probation office in Michigan and the Eastern District of North Carolina retained jurisdiction over his civil commitment, Perkins was no longer in the custody of anyone over whom the U.S. District Court for the District of Minnesota has jurisdiction. Thus, this Court lost jurisdiction over Perkins' petition on the day he was conditionally released under the supervision of the federal probation office in Michigan.

**B.    The Petition Should Be Transferred to the Eastern District of North Carolina**

In any event, as Perkins is currently incarcerated at FMC-Butner in North Carolina, he is

---

[5] The Eighth Circuit in *Copley* did speak to this Court's concern that jurisdiction over a habeas petition is easily defeated and/or resurrected by a petitioner's conditional release or transfer, stating:

> We realize that Copley has been on conditional release before and has not been able to maintain that status, and so it is possible that he will be returned to the custody of the warden at the FMC in Springfield in the future. Still, we do not think this is a case that, although moot, can be considered by the Court on the theory that it is capable of repetition yet evading review. This doctrine applies only in exceptional situations. Notwithstanding his history, Copley cannot demonstrate that there is a reasonable likelihood that his conditional release will be revoked and, if it is revoked, that he will be returned to the custody of the warden at the FMC in Springfield.

*Copley*, 150 F.3d at 830 (citations omitted).

-7-

undoubtedly in custody of the warden at FMC-Butner for purposes of the instant habeas petition. *Padilla*, 542 U.S. at 434-35; *Copley*, 150 F. 3d at 829-30. Therefore, at this time, his petition may be properly heard only in North Carolina.

Federal district courts may exercise discretion to transfer a civil action to any other district where the case might have been brought. 28 U.S.C. §1404. The relevant provision of the governing statute reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Here, the Court finds that as Perkins' petition may at this time only be brought in the Eastern District of North Carolina, as all the parties in this case are now residing within the Eastern District of North Carolina, and as the interests of justice require that Perkins' petition be appropriately considered by a court with proper jurisdiction, the Court recommends that the petition be transferred to the U.S. District Court for the Eastern District of North Carolina.

## IV. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for Writ of Habeas Corpus [#1] as amended by Petitioner's Amended Document [#3] be **TRANSFERRED** to the U.S. District Court for the Eastern District of North Carolina**.**

DATED:      June 30      , 2010            *s/ Franklin L. Noel*

                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 14, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief

within fourteen days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.